UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEBORAH CULPEPPER, )
)
    Plaintiff, )
)
v. ) Case No. _____
)
CHASE BANK USA, N.A.; )
MANN BRACKEN, LLP; )
EQUIFAX INFORMATION )
SERVICES; LLC; TRANSUNION )
CORPORATION; and )
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
    Defendants. )

## COMPLAINT

COMES NOW Plaintiff Deborah Culpepper, by and through her undersigned counsel of record, and files this Complaint against Chase Bank USA, N.A.; Mann Bracken, LLP; Equifax Information Services, LLC; TransUnion Corporation; and Experian Information Solutions, Inc.:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter the "FCRA") regarding inaccurate entries on her credit reports and violations of other applicable federal laws, including violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* (hereinafter the "FDCPA").[1]

2. This action is also brought under Alabama state law. The state law claims form part of the same case or controversy as the federal claims and are based upon substantially similar and

---

[1] Any reference to the Fair Credit Reporting Act or the Fair Debt Collection Practices Act, or any part thereof, encompasses all relevant parts and subparts thereto.

overlapping facts. As such, the state law claims are properly before this Court based upon supplemental jurisdiction under 28 U.S.C. § 1367.

3. Plaintiff Deborah Culpepper ("Plaintiff" or "Mrs. Culpepper") is a natural person who resides within the Southern Division of this judicial district.

4. Defendant Chase Bank USA, N.A. ("Chase") is a foreign corporation engaged in credit card lending to consumers in this judicial district, like Plaintiff.

5. Defendant Mann Bracken, LLP ("Defendant Mann Bracken") is a foreign company that engages in business of collecting debts in this judicial district and furnishing information to consumer reporting agencies.

6. Defendant Equifax Information Services, L.L.C. ("Defendant Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this judicial district.

7. Defendant TransUnion Corporation ("Defendant TransUnion") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this judicial district.

8. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this judicial district.

9. At times in this Complaint, Defendants Chase; Mann Bracken; Equifax; TransUnion; and Experian are collectively referred to as "Defendants."

10. At times in this Complaint Defendants Equifax; TransUnion; and Experian are collectively referred to as "Defendant CRAs."

## FACTS

11. In February 2007, Plaintiff began receiving dunning letters referencing an alleged overdue credit card account with the number 4791338012861893 (the "Account"). Plaintiff contacted the phone number provided in the letter. The lady with whom she spoke told Plaintiff the cardholder's name on the Account was Helen Pennington and asked Plaintiff if she knew who Helen Pennington was. The representative told Plaintiff the Account was a joint account with Plaintiff and represented Plaintiff was liable for the balance owed.

12. Plaintiff told this representative she was unaware of the Account and had never had possession of a credit card for the Account or made charges to the Account. The representative insisted Plaintiff was liable for the balance owed. Under duress, Plaintiff reluctantly agreed to pay on the Account.

13. Plaintiff gave the representative her current mailing address and paid the amount of $2,350.00, which was the amount the representative represented to Plaintiff was the minimum payment due.

14. Plaintiff began investigating the Account. In doing so, she pulled a credit report and discovered the Account on it. Plaintiff immediately disputed, in writing via credit reporting agencies' websites, the Account belonged to her.

15. On or about October 12, 2007, Plaintiff received a letter from the creditor listed to the Account, Chase. Plaintiff disputed the Account again.

16. Plaintiff pulled her credit report again in February 2008 to make sure the Account had been removed. It had not. Plaintiff again wrote a letter to Chase disputing the Account and asking for proof it was signed by Plaintiff or that any charges were made by Plaintiff.

17. In response to Exhibit B, Plaintiff received further letters and statements. The statements, however, showed only that the statements were sent to Plaintiff's deceased grandmother's mailing address. The statements showed no evidence of being mailed to Plaintiff or that any charges were made by Plaintiff. In fact, the statements shows no itemized charges, only previous balanced owed.

18. Plaintiff again disputed the debt online on the credit reporting agencies' websites. In June 2008, the Account still appeared on Plaintiff's credit report.

19. Plaintiff again disputed this debt in writing.

20. Despite many communications by Plaintiff online and by U.S. certified mail to dispute this debt and demands by Plaintiff for proof the Account was owed by her, to this date she has not received such proof and the Account remains on Plaintiff's credit reports.

21. Furthermore, on or about September 9, 2008, Plaintiff received a letter from Defendant Mann Bracken, LLP regarding the Account.

22. Plaintiff responded to Defendant Mann Bracken's letter in writing on or about September 22, 2008. In this letter, Plaintiff explained she was not the cardholder on this Account and was not responsible for any alleged debt owed. In the letter, Plaintiff completely disputed the debt, as she had done previously on many occasions, and requested evidence supporting the alleged debt belongs to her.

23. Plaintiff did not receive any proof of this debt from Defendant Mann Bracken. Instead, on or about October 14, 2008, despite her numerous, written disputes of the alleged debt at issue, Plaintiff received a notice from Defendant Mann Bracken it had filed a claim against Plaintiff with the National Arbitration Forum ("NAF").

24. Plaintiff, a non-signatory to the Chase credit card application or agreement, has now been forced to hire an attorney to defend her in the NAF arbitration and to protect further damage to her credit reputation and score. Doing so has caused her to make substantial out-of-pocket payments.

25. On November 5, 2008, Plaintiff again wrote to Defendant Mann Bracken disputing this debt and demanding proof the alleged debt belonged to her.

26. To this date, Plaintiff has not received any documents from any Defendant evidencing this alleged debt is owed by her.

27. This debt is not owed by Plaintiff, and she has completely and fully disputed this debt and demanded strict proof thereof on numerous occasions, without any response from Defendants.

28. The actions of Defendants, which include over 100 harassing phone calls and damage to Plaintiff's credit score and her ability to borrow, have caused Plaintiff much mental anguish, many sleepless nights, and much anxiety and worry. Defendants' actions have also defamed Plaintiff's good credit and caused her credit rating to drop. As a result, Plaintiff has lost lines of credit and been denied business and personal loans.

29. Defendants had actual knowledge Plaintiff disputed the alleged account and she demanded proof thereof. Yet, the Defendant CRAs deliberately and willfully chose to blindly rely upon the false information provided by Defendants Chase and Mann Bracken by not investigating the account in question and reporting the erroneous information.

30. Defendants Chase and Mann Bracken continue to report false information and a balance owed to Defendants CRAs when Defendants Chase and Mann Bracken know the balance is disputed by Plaintiff and no proof of an account by Plaintiff owing this amount has been provided

to Plaintiff.

31. The effect of these errors on Plaintiff's credit reports has been substantial, affecting her credit worthiness and credit score.

32. Defendants' conduct has also proximately caused Plaintiff past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

33. Furthermore, upon information and belief, Defendant Mann Bracken has a policy and procedure to refuse to properly update consumer credit reports, like Plaintiff's, when a debt has been disputed and no proof of the debt shown as required by law. The false information consists of a balance shown as owed even though Defendant Mann Bracken knows no balance is owed by the consumer it targets. Defendant Mann Bracken intentionally refuses to provide correct information, including payments, accurate balances, and disputes, to Defendant CRAs.

34. Upon information and belief, Defendant Mann Bracken also has a policy to "park" the account on at least one of the consumer's credit report. This is a term in the industry for keeping a balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly results from Defendant Mann Bracken's intentional and malicious conduct.

35. Defendant Mann Bracken has failed to update the Account despite its obligation under federal and state law to accurately report the balance and owner of the Account.

36. Defendant Mann Bracken agreed in subscriber agreements or contracts with Defendant CRAs to accurately update accounts and report correct information. Yet, Defendant

Mann Bracken willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the others set forth under the FCRA and Alabama state law, which has resulted in the intended consequence of this information remaining on Plaintiff's credit reports.

37. Defendants know that parking a balance will lead to false and defamatory information being published every time a consumer, like Plaintiff, pulls or referenced her credit report. This practice is malicious and intentional with the goal to force a consumer, like Plaintiff, to pay an account she does not owe.

38. Since the time Defendants have provided the false information at issue, Plaintiff's credit reports have been accessed numerous times.

39. When a consumer such as Plaintiff pays on a "parked" account, Defendants claim that such payment was purely "voluntarily" or was to pay off a "moral obligation." Defendant Mann Bracken knows and intends that by willfully and maliciously parking the account on the credit report, payment can be extorted from the consumer.

40. Despite receiving written documentation disputing the false reporting on accounts that had been satisfied, Defendants intentionally and knowingly have not corrected false and damaging information on Plaintiff's credit reports, and Defendant CRAs have refused to change their policies of allowing false information to remain on its credit reports. Indeed, upon information and belief, Defendant CRAs are fully aware of Defendant Mann Bracken's reputation and practices of falsely reporting account information and, yet, continue to report false information from this untrustworthy source.

41. It is Defendants' practices to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the FCRA and state law. In the

case of Defendant Mann Bracken, this also includes the FDCPA, as Defendant Mann Bracken is a debt collector under the FDCPA.

42. All actions taken by employees, agents, servants, or representatives of any type for all Defendants were done in the line and scope of their employment, agency, or representation of Defendants.

43. All actions taken by all Defendants were done with malice, were done willfully or recklessly, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

44. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports, and as such, Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

## COUNT ONE
### Violations of the Fair Credit Reporting Act

45. Plaintiff expressly adopts and incorporates the facts and allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

47. Defendant Mann Bracken is an entity who, regularly and in the course of business, furnishes information to one or more CRAs, including the Defendant CRAs, about Defendant Mann Bracken's transactions or experiences with any consumer, including Plaintiff, and therefore Defendant Mann Bracken constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

48. Plaintiff notified Defendant CRAs of the dispute on the completeness and/or accuracy of the Account as reported by Defendant Mann Bracken.

49. Defendant CRAs notified Defendant Mann Bracken in a timely manner of each dispute in full compliance with the FCRA or, in the alternative, Defendant CRAs violated the FCRA by not properly notifying Defendant Mann Bracken of one or more of the disputes.

50. No entity, including any of the Defendants, ever notified Plaintiff that her disputes were frivolous or irrelevant, or that she had failed to provide sufficient information to investigate the disputed information.

51. Defendants failed in all respects to conduct a proper and lawful reinvestigation from start to finish as required under federal law.

52. For example, Defendants knew that the Account was not owed by Plaintiff yet Defendants failed to adequately investigate the dispute or Defendants simply refused to make the required corrections discovered by their investigation.

53. Defendants failed to report the accurate information despite direct evidence and direct knowledge the Account did not belong to Plaintiff but her deceased grandmother. Yet, Defendants used harassing and intimidating techniques to make Plaintiff believe she owed on the Account and extorted payment from her.

54. All actions by Defendants in this case were done with malice, willfully, and with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA.

55. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT TWO
### Violations of the Fair Debt Collection Practices Act

56. Plaintiff expressly adopts and incorporates the facts and allegations of paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57. Defendant Mann Bracken, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    (a) Falsely reporting a balance owed on Plaintiff's credit report;

    (b) Falsely attempting to collect a debt (through the reporting of a balance and/or a false balance) when there is no legal right to collect the disputed debt; and

    (c) Failing to show the account as being "disputed" by Plaintiff.

58. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## COUNT THREE
### State Law Claims

59. Plaintiff expressly adopts and incorporates the facts and allegations of paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. Defendants published false information about Plaintiff by reporting an Account not owed by her and/or refusing to show it had been paid or satisfied and/or failing to show it was in dispute. Each time the credit reports of Plaintiff were accessed, a new false publication occurred which was intended by Defendants.

61. These publications were made by Defendants maliciously, without privilege, and with a willful or reckless intent to injure Plaintiff.

62. Defendant Mann Bracken assumed a duty, through the subscriber agreement and other actions, to accurately report the balances even after individuals, like the Plaintiff, had satisfied and paid their accounts or notified Defendant Mann Bracken the account did not belong to them or was in dispute.

63. Defendants intentionally, willfully, recklessly, maliciously, wantonly, and negligently violated all of their duties to Plaintiff

64. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate the disputed Account would cause the exact type of harm suffered by the Plaintiff.

65. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint. This includes the initial reporting of false accounts; the handling of the investigations on the accounts; and all other aspects as set forth in this Complaint.

66. Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligation.

67. Such negligence, malice, wantonness, recklessness, willful or intentional conduct proximately caused the damages set forth in this Complaint and such conduct occurred before, during and after the disputes to Defendant CRAs.

**RELIEF SOUGHT**

Plaintiff seeks an award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees, and all further relief to which she is entitled, whether of a legal or equitable nature.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

*/s/ Martha R Cook*
Martha Reeves Cook

OF COUNSEL:
McCallum Hoaglund Cook & Irby, LLP
905 Montgomery Highway
Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: mcook@mhcilaw.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED AS FOLLOWS:**

Chase Bank USA, N.A.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Mann Bracken, LLP
c/o CT Corporation System
1201 Peachtree Street, N.E.
Atlanta, Georgia 30361

Equifax Credit Information Services, Inc.
c/o Prentice Hall Corporation System, Inc.
57 Adams Avenue
Montgomery, Alabama 36104-4001

TransUnion, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Montgomery, Alabama 36109-5421